```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SHIRLEY EDWARDS,                       :
                                       :
               Plaintiff,              :   CIVIL ACTION
                                       :
     v.                                :   No. 09-cv-1184
                                       :
A.H. CORNELL AND SON, INC.,            :
d/b/a AH CORNELLS, et al.,             :
                                       :
               Defendants.             :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                            **July 23, 2009**

Presently before the Court are Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff's Response thereto. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**I. BACKGROUND**

Plaintiff Shirley Edwards is a former employee of Defendant A.H. Cornell and Son, Inc.[1]  Defendant A.H. Cornell and Son, Inc. ("A.H. Cornell") is a Pennsylvania corporation that performs contracting and construction services.  Defendant Melissa J. Closterman ("Closterman") manages or oversees daily operations at

---

[1] The facts are presented in the light most favorable to the Plaintiffs.  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).

1

A.H. Cornell, including oversight of Plaintiff while she was employed by A.H. Cornell.  Plaintiff alleges that Closterman was "directly responsible for terminating Plaintiff."  Defendant Scott A. Cornell ("Cornell") is an executive of A.H. Cornell and was responsible for overseeing the terms and conditions of Plaintiff's employment.  Plaintiff alleges that Cornell "participated in the termination of Plaintiff's employment."

According to Plaintiff's Amended Complaint,[2] in or around February, 2006, Defendants hired Plaintiff to establish a human resources department at A.H. Cornell.  Plaintiff asserts that while she was employed by Defendants, she learned that Closterman was "engaging in unlawful acts."  Plaintiff further asserts that Closterman requested that Plaintiff engage in these allegedly unlawful acts.

Specifically, Plaintiff asserts that an employee of A.H. Cornell who sustained a work-related injury continued to collect worker's compensation insurance for being out of work after the employee had returned to work.  Plaintiff claims this employee used a false social security number and information to obtain worker's compensation in the first place.  Plaintiff alleges that Closterman directed Plaintiff to make false statements to Defendants' worker's compensation carrier regarding the injured employee.  Plaintiff also alleges that in the last several weeks

---

[2] Plaintiff filed an Amended Complaint on June 2, 2009.

of her employment, Closterman directed Plaintiff to provide false information to a disability insurance carrier.

Plaintiff further asserts that Defendants had a group health insurance plan, governed by ERISA, that "was being administered illegally within Defendant and on a discriminatory basis." Specifically, Plaintiff alleges that Closterman lied to "many employees" about what their contributions would be in order to dissuade employees from opting into the benefits and also did not offer certain employees health benefits at all.  Plaintiff avers that Defendants, through Closterman, withheld and concealed required group plan information from employees and "unlawfully enroll[ed] non-citizens in the ERISA-qualifying life, disability and/or group health plan."

Plaintiff alleges that she "objected to participating in a scheme to commit criminal fraud as to Defendants' disabilty insurance carrier, worker's compensation insurance carrier, and health insurance carrier."  She further states that she "was directed to commit and/or to participate" in the fraud in close proximity to her termination, which was on February 11, 2009.

Plaintiff's Complaint asserts two Counts: (1) Violations of ERISA - Section 510, 29 U.S.C. § 1140 (Retaliation) and (2) Common-Law Wrongful Discharge.  Plaintiff bases her section 510 claim on the allegation that Defendants terminated her for "object[ing] to and/or complain[ing] to Defendants' management or

owners" about Defendants' alleged ERISA violations. She asserts that her actions were protected activity under ERISA and thus her termination violated the retaliation provision in ERISA, section 510. Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), in response to a pleading, a Defendant may file a motion asserting that the Plaintiff's complaint "[fails] to state a claim upon which relief can be granted." In analyzing a Rule 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(citations omitted). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Id. at 232 (quoting Bell Atl. Corp. v. Twombley, 127 S. Ct. 1955, 1965 (2007)). In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action. Id. at 234. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Twombley, 127 S. Ct. at 1964-65.  In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint."  In re Rockefeller Sec. Lit., 184 F.3d 280, 287 (3d Cir. 1999).

### III. DISCUSSION
#### A.  ERISA - Section 510, 29 U.S.C. § 1140

ERISA, section 510, codified at 29 U.S.C. § 1140, provides in relevant part:

> It shall be unlawful for any person to discharge . . . or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to [ERISA] or the Welfare and Pension Plans Disclosure Act. . . . .

29 U.S.C. § 1140 (2006 & Supp. 2008).  Section 510 has been referred to as ERISA's "anti-retaliation" provision, or "whistleblower" provision because it prohibits retaliation against a person who has participated in certain protected activity under section 510.  See, e.g., Hashimoto v. Bank of Hawaii, 999 F.2d 408, 327 (9th Cir. 1993); King v. Marriott International, 337 F.3d 421, 427(4th Cir. 2003).  Specifically, section 510 makes it unlawful to retaliate against a person for giving information, testifying, or being about to testify in an "inquiry or proceeding" relating to ERISA or certain other statutory provisions.  29 U.S.C. § 1140.

Defendants' Motion to Dismiss asserts, *inter alia*, that Plaintiff has failed to allege conduct that is protected under the anti-retaliation provisions of ERISA, section 510.  The Third

5

Circuit has not yet addressed the scope of ERISA's anti-retaliation provision and, more specicially, whether internal workplace complaints are protected activity under section 510. Only four circuits--the Ninth, the Fifth, the Fourth, and the Second--have considered this issue, all with outcomes resolutions.

The Ninth Circuit was the first to consider the scope of ERISA's anti-retaliation provision in <u>Hashimoto v. Bank of Hawaii</u>, 999 F.2d 408 (9th Cir. 1993).  There, the Court found that the statute was "clearly meant to protect whistle blowers." <u>Hashimoto</u>, 999 F.2d at 411.  Thus, the Court reasoned, the language "has given information or has testified in any inquiry or proceeding relating to [ERISA]" could be "fairly construed" to include "[t]he normal first step" of "[present[ing] the problem to the responsible managers of the ERISA plan." <u>Id.</u>  Because discharging a person for raising the problem in the first place would "discourage[] the whistle blower before the whistle is blown," the Ninth Circuit held that making informal, workplace complaints to managers regarding potential ERISA violations is protected activity under section 510.  <u>Id.</u>

The Fifth Circuit next addressed the issue in <u>Anderson v. Electronic Data Systems Corporation</u>, 111 F.3d 1311 (5th Cir. 1994), within the context of determining whether ERISA preempted a plaintiff's state wrongful discharge action.  In <u>Anderson</u>, after reciting the language of section 510, the Fifth Circuit disregarded the language "inquiry or proceeding" and found broadly that the retaliation provision "prohibits the discharge

6

or other adverse treament of any person because he has given information or testimony relating to ERISA." 111 F.3d at 1315. Thus, the Court held that "a refusal to commit violations of ERISA and reporting such violations to management" was protected activity that fell within the ambit of the enforcement provisions of ERISA section 510.  Id. at 1314.

In King v. Marriott International, 337 F.3d 421 (4th Cir. 2003), the Fourth Circuit analyzed the scope of the anti-retaliation provision in section 510 and came to a result opposite that of the Ninth and Fifth Circuits.  Reasoning that the anti-retaliation provision in section 510 is narrower than that of Title VII of the Civil Rights Act of 1964, the King Court found that the phrase "testified or is about to testify" suggests that the phrase "inquiries or proceedings" is limited to legal or administrative inquiries or proceedings, "or at least to something more formal than written or oral complaints made to a supervisor." 337 F.3d at 427.  The Court held, therefore, that filing internal complaints with supervisors, co-workers, or an employer's attorney is not protected activity under section 510 because filing such complaints does not rise to the level of testifying or being about to testify in a proceeding of any kind, nor is it giving information in such a proceeding.  Id. at 428.

The Second Circuit most recently took up the issue in Nicolaou v. Horizon Media Incorporated, 402 F.3d 325 (2d Cir. 2005).  In Nicolauou, the Court compared the language of section 510 to the retaliation provisions of both the Fair Labor

Standards Act ("FLSA") and Title VII.[3]  402 F.3d at 327-29.  It found that use of the term "inquiry" in ERISA implies something less formal and unambiguously broader than use of the term "proceeding" in the FLSA.  Id. at 328.  The Second Circuit then looked to the dictionary definitions of the terms "proceeding" and "inquiry."  Id. at 329.  Citing the Black's Law Dictionary definition of "inquiry" as "a request for information" and the Webster's Third New International Dictionary definition as "the act or an instance of seeking truth, information, or knowledge about something" or "a request for information," the Court found that an "informal gathering of information thus falls within the plain meaning of 'inquiry'" and is, therefore protected activity under section 510.  Id. (internal citations omitted).  The Court concluded that "the proper focus is not on the formality or informality of the circumstances under which an individual gives

---

[3]  Section 704(a) of Title VII, codified at 42 U.S.C. § 2000e-3(a) provides broadly that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

By contrast, section 15(a)(3) of the FLSA, codified at 29 U.S.C. § 215(a)(3), provides protection against retaliation for a more narrow scope of conduct, stating that it shall be unlawful

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to testify in any such proceeding . . . .

information, but rather on whether the circumstances can fairly be deemed to constitute an 'inquiry.'" Id. at 330. The Court thus held that if the defendant company's attorney contacted the plaintiff to meet with the president of the defendant company in order to provide information regarding alleged ERISA violations at a meeting initiated by the attorney, her actions would be protected under section 510 because that meeting would fall within the definition of an "inquiry," regardless that it was not formal or external. Id.

Looking to the Second and Fourth Circuits, Defendants move to dismiss Plaintiff's Amended Complaint asserting that the conduct for which Plaintiff was allegedly terminated does not constitute "giving information or testifying in an inquiry or proceeding related to ERISA" as required by ERISA, section 510, because her objections or complaints were not part of a formal or informal inquiry or proceeding.[4] In response, Plaintiff argues that informal workplace objections and complaints to management are protected activity under ERISA. Plaintiff draws support from the Second, Ninth and Fifth Circuits.[5]

---

[4] Defendants further move to dismiss based on the assertion that Plaintiff failed to allege that Defendants had a specific intent to violate ERISA. Additionally, Defendants argue that even if Plaintiff did properly allege a retaliation claim under section 510, the claim should be dismissed against Closterman and Cornell because they were not Plaintiff's employer but were merely employees of Plaintiff's employer and thus not subject to section 510. Because we find that Plaintiff's alleged conduct does not constitute the giving of information, testifying, or being about to testify in an inquiry or proceeding, we need not reach Defendants' alternative grounds for dismissal.

[5] Plaintiff also cites to Jorgensen v. Prudential Ins. Co. of America, 852 F. Supp. 255 (D.N.J. 1994). In Jorgensen, within the context of determining whether ERISA preempted a Plaintiff's state law claims, the Court found that the plaintiff "ha[d] not given information or testified in an

Upon consideration of the statutory language in the relevant provision, this Court finds the Second Circuit's analysis in Nicolaou to be persuasive. Thus, we agree that the proper inquiry is whether the Plaintiff's alleged objections and complaints to management in the present case were given as part of an inquiry.[6]  See Nicolaou, 402 F.3d at 330.  After reviewing the allegations in the Amended Complaint, we find that they were not.  Plaintiff alleges that she "objected to and/or complained to Defendants' management or owners" about Defendants' alleged ERISA violations.  Plaintiff does not allege that anyone requested information from her or initiated contact with her in any way regarding the alleged ERISA violations. Compare with Nicolaou, 402 F.3d at 330 (finding conduct protected under section 510 where a meeting to discuss alleged ERISA violations was initiated by the defendant's attorney as part of the attorney's inquiry into the alleged ERISA violations).  Nor does she allege that she was involved in any type of formal or informal gathering of information.  See Nicolaou, 402 F.3d at 330 (finding that the information gathering of information falls within the meaning of "inquiry" and is thus covered under section 510).  She states merely that she objected to or complained about

---

inquiry or proceeding relating to ERISA, as required by ERISA § 510." 852 F. Supp. at 262-63.  Rather than finding that the plaintiff's alleged complaints to his supervisors were, therefore, not protected under section 510, the Court stated that the Ninth Circuit in Hashimoto had "extended ERISA whistleblower protections to include the 'first step' of raising the problem to the employee's superiors." Jorgensen, 852 F. Supp. at 263.

[6]  The Plaintiff has not in any way alleged that she was part of a proceeding or that she gave testimony or was about to give testimony at an inquiry or proceeding.  Thus, the only relevant inquiry is whether she gave information as part of an inquiry.

certain conduct by Defendants.  Thus, viewing the facts in the light most favorable to the non-moving party, Plaintiff has failed to properly allege any conduct that would fall within the ambit of the retaliation provision in section 510.  Defendants' Motion is, therefore, granted.

### B.  Common-Law Wrongful Discharge

Having dismissed Plaintiff's only federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.  See 28 U.S.C. § 1367.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED as to Plaintiff's ERISA, section 510 claim.  As we decline to exercise supplemental jurisdiction, Plaintiff's common-law wrongful discharge claim is DISMISSED with leave to Plaintiff to re-file it in state court.  An appropriate order follows.